UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XCEL MOLD & MACHINE, INC., | ) | CASE NO.: 5:04CV2502 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| INTERNATIONAL MOLD STEEL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by the Defendant, International Mold Steel, Inc., to Dismiss or in the Alternative, for a Stay. (Doc. #3) Int'l Mold seeks dismissal of the Complaint because the claims made therein are compulsory counterclaims that should be addressed in a previously-filed Kentucky state court action. Defendant alternatively requests this Court stay the proceedings until the Kentucky action is resolved. Plaintiff Xcel Mold & Machine, Inc. alleges that on its face, the Kentucky action arises from a separate and distinct transaction than the case at bar. The Court has been advised, having reviewed the Motion, Response, Reply, pleadings, exhibits and applicable law.

## DISCUSSION

On November 18, 2004, Int'l Mold filed a complaint in the Kenton County, Kentucky Circuit Court against Xcel alleging that on September 10, 2003, the parties entered into an agreement for Int'l Mold to provide steel to Xcel in exchange for payment. Int'l Mold alleges that Xcel has failed to pay for the steel shipped.

On December 6, 2004, Xcel filed a complaint in Stark County, Ohio, Common Pleas Court against Int'l Mold alleging breach of contract, breach of implied warranty of fitness for a particular purpose, breach of express warranties, and breach of implied warranty of merchantability for contracts for steel made in May and June of 2003.

Fed. R. Civ. P. 13(a) expressly states that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."  The purpose behind the rule is to bring all claims arising out of the same transaction or occurrence in a single action.  *Bluegrass Hosiery, Inc. v. Speizman Industries, Inc.,* 214 F.3d 770, 772 (6th Cir. 2000) (citing *United States v. Snider,* 779 F.2d 1151, 1157 (6th Cir. 1985)).

The Kentucky state claim is based on a contract that was entered into by the parties on September 10, 2003.  Int'l Mold's Memorandum in Support of its Motion to Dismiss or in the Alternative, for a Stay, Exhibit A, p. 4.  The present action involves purchase orders that were entered into by Xcel with Int'l in May and June of 2003.  Complaint, Exhibits A-1 - A-4, B-1 - B-6, C-1 - C-4.  On the face of the complaints, it appears that the actions are not arising out of the same transaction or occurrence.  As such, dismissal would be inappropriate at this time.  Therefore, Int'l Mold's Motion to Dismiss is DENIED WITHOUT PREJUDICE as it may come to light through the filings in the Kentucky state case that the actions do arise out of the same transaction or occurrence.  Additionally, because this Court is not aware of all the filings in the Kentucky state case and because Xcel may attempt to use the claims in this action as a defense to the Kentucky action, it is determined that a stay of this case is proper in the

interests of justice and judicial economy.   Therefore, Int'l Mold's Motion to Stay is GRANTED.   Int'l Mold is hereby ordered to keep this Court informed on the status of the Kentucky action.  It is additionally noted that the Court may set future status conferences to remain informed of that litigation.

So ordered.

*s/ Judge John R. Adams* 5/20/05
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT